[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CONTEMPT
The defendant has moved to have the plaintiff held in contempt for failing to pay child support and his share of unreimbursed medical bills and for failing to provide medical insurance coverage for the parties' minor child.[1] The marriage of the parties was dissolved in Maine on April 12, 1993 pursuant to a stipulation for judgment dated February 26, 1993. The judgment provided that the plaintiff would pay $51.00 per week in child support: beginning on April 1, 1993, would pay one half of unreimbursed medical, dental, hospital, optical, and orthodontic expenses, and would maintain health insurance for her. The last order did not limit the plaintiff's obligation to provide medical insurance through his employment.
The first issue is whether a purported agreement between the parties dated March 2, 1995 provides the plaintiff with a defense to the claim of contempt or to the claimed arrearage. The defendant had been employed as a police officer at the time of the dissolution, but had left that job in April, 1994 to seek employment in Washington. During the year he was there, he was regular in his child support payments. By March, 1995, he had returned to Maine, but was not immediately employed. He drafted a motion in Maine to modify support to $29.00 per week. The defendant signed an acknowledgment of service of that motion, and did not contest it. In fact, in reliance on the plaintiff's promise that he would be more regular in making payments and would resume the $51.00 amount when he got steady work, the defendant agreed to the reduction. The modification motion was not filed in the Maine court, although both parties believed it to have been effective, and never became an order of that court.
The plaintiff cannot be found in contempt of court for making child support payments of only $29.00 per week prior to the time he resumed work. Contempt can only be found where the party charged with it has willfully failed to obey a court order which that party had the ability to pay. Here, the plaintiff's conduct was not willful disobedience of the original court order. While the document is not in itself a contract, the parties did agree to the reduction, and the plaintiff was justified for at least some time in believing that the payment obligation was reduced.
The fact that the plaintiff is not in contempt with respect to child support does not end the inquiry, however. The court still has the duty to determine whether an arrearage exists and, if so, in what amount. The CT Page 11995 court concludes that there is an arrearage for the $22.00 per week difference between the original Maine judgment and the $29.00 figure for the period between January 1, 1996 and September, 1997, when he resumed the $51.00 weekly payments. The amount of that arrearage is $1,984.00. To the extent that the defendant's acquiescence constituted a contract to reduce child support, the plaintiff breached the contract by not fulfilling the consideration he had tendered, namely that his payments would be timely and that he would resume the original amount when his income increased by fifteen percent or when he returned to full time work. He resumed work in the summer of 1995, but does not recall how much he made. However, his income in 1996 was between $16,000 and $18,000, which is more than fifteen percent above the $12,528 he had represented when he asked for the reduction, and he resumed full time employment in his present job in July, 1997. Despite these two events he did not increase his payments until September, 1997.
Moreover, even if the plaintiff had fulfilled his obligations under the purported agreement, the court is not bound to enforce an agreement between the parties to modify child support where the child was not represented. See, Sillman v. Sillman, 168 Conn. 144, 149 (1975). A child's right to support from her parents "has an independent character, separate and apart from the terms of the support obligations as set out in the judgment of dissolution." Id., 263. Both by the terms of the purported agreement between the parties and by virtue of the child's right to support from a parent with the ability to provide that support, the support should have increased above the $29.00 weekly figure when the plaintiff's earnings justified that result, in 1996.
There is insufficient evidence to conclude that the plaintiff is in contempt for failing to provide medical insurance between April, 1994, when he voluntarily left his job and its benefits, and September, 1995, when he had the child covered on his new wife's policy.[2] The defendant placed the child on her policy, at an additional cost to her of $190.00 per month. Although the plaintiff is not in contempt on this issue, he still had an obligation to provide the coverage. Accordingly, he owes the defendant $2,660 for the fourteen month period between when he terminated the insurance and June, 1995, when the $109.00 per month ceased to be a payment attributable solely to the child's insurance. In addition, the plaintiff owes the defendant $782.50 for unreimbursed medical bills.
Although the plaintiff is not in contempt, the court finds that he has played fast and loose with his obligations toward his child since the date of the divorce. He has obligated the defendant to undertake legal remedies to enforce the judgment. The court has the authority to order attorney fees to a party seeking to enforce a judgment, even where no CT Page 11996 contempt has been found. The court awards the defendant attorney fees in the amount of $1,200.00.
The plaintiff shall pay the sum of $19.00 weekly toward the arrearage until the full amount is paid in full. The parties shall obtain a wage execution or similar automatic transfer process for the child support payments through the plaintiff's employer in Maine. The plaintiff shall pay the unreimbursed medical bills within forty five days. The plaintiff shall pay the attorney fees at the rate of $100.00 per month until they are paid in frill. Thereafter, the plaintiff shall pay the sum of $2,660.00 found to be due to the defendant by virtue of her added insurance premium expense at the rate of $100.00 per month until paid in full. The amounts set forth in this decision are due to the defendant as support for the child, and are therefore not dischargeable in bankruptcy.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.